Filed 5/6/21  P. v. Flournoy CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D078066 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD278729) |
| MARKICE A. FLOURNOY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Fredric L. Link, Judge.  Affirmed as modified.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos, Kathryn Kirschbaum and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

In 2018, Markice Flournoy pleaded guilty to corporal injury to a spouse/roommate (Pen. Code,[1] § 273.5, subd. (a)) and admitted a prison prior (§ 667.5, subd. (b)). As part of a plea bargain, Flournoy agreed to a prison term of eight to 10 years. The remaining charges and allegations were dismissed. On February 20, 2019, the court sentenced Flournoy to a 10-year prison term.

Flournoy did not appeal.

In 2019, the Legislature passed Senate Bill No. 136 effective January 1, 2020. That measure changed the definition of prison priors under section 667.5, subdivision (b), such as that admitted in the present case. The prison prior admitted in this case does not fit the definition of such prior after January 1, 2020.

In August 2020, Flournoy filed a petition requesting resentencing under section 1170, subdivision (d). Specifically, Flournoy sought to have the trial court strike his prison prior and to reduce his sentence accordingly.

The trial court erroneously viewed the petition as a request for resentencing under section 1170.95 (a statute applying only to persons convicted of murder). The court purported to deny the petition, finding Flournoy had not made a prima facie showing of eligibility for relief under section 1170.95.

Flournoy filed a timely notice of appeal.

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel had not been able to identify any arguable issues for reversal on appeal. Counsel asked the court to review the record for error as mandated by *Wende*. Counsel also complied with *Anders v. California* (1967) 386 U.S. 738 (*Anders*) by identifying as a possible

---

[1] All further statutory references are to the Penal Code.

issue whether Flournoy was eligible for retroactive application of Senate Bill No. 136 to his case.

During our review of the record, we discovered the trial court denied Flournoy's petition based upon the application of a statute that had nothing to do with Flournoy's petition. We requested and received supplemental briefs from the parties on the issue of whether Flournoy was eligible for Senate Bill No. 136 and what action the court should take in light of the trial court's reliance on the wrong statute.

We conclude Flournoy's case was final before the effective date of Senate Bill No. 136, thereby denying him the retroactive benefit of the statute.

## DISCUSSION

In their supplemental briefs the parties are largely in agreement. Counsel both concede Flournoy's case was final before the effective date of the statute. He was sentenced on his guilty plea in February 2019. He did not appeal. Thus, his conviction became final 60 days after judgment. (See Cal. Rules of Court, rule 8.308(a) [defendant has 60 days to appeal]; *People v. McKenzie* (2018) 25 Cal.App.5th 1207, 1214, affd. (2020) 9 Cal.5th 40.)

Defendants can retroactively benefit from a change in cases where the defendant's case is not final on the effective date of the new law. (*In re Estrada* (1965) 63 Cal.2d 740, 742, 744-745.) The People argue, and appellate counsel concedes, that Flournoy's case was final before the effective date of Senate Bill No. 136 and therefore he cannot claim the benefit of the law change. We agree and conclude Flournoy's petition for resentencing under section 1170, subdivision (d) was without merit.

The question remains as to what remedy this court should employ. We could remand the case to the trial court to review the petition and apply the

3

correct statute.  We decline to impose a remand and a new hearing for no beneficial purpose.  Instead we will direct the trial court to amend its order denying the petition and enter a denial on the correct statutory grounds.

DISPOSITION

The trial court is directed to amend its order denying the resentencing petition to reflect denial under section 1170, subdivision (d) and to correct the court's minutes accordingly.  Otherwise, the amended order denying Flournoy's petition is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:



AARON, J.



GUERRERO, J.


4